UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDERCK H. SHULL, JR.,<br>    Plaintiff(s),<br>v.<br>UNITED STATES DEPARTMENT OF EDUCATION,<br>    Defendant(s). | Case No.: 2:18-cv-01690-RFB-NJK<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 1. The Court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who has shown that he is unable to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014). In exercising that discretion, the Court evaluates the income and assets to which the plaintiff has access. *See, e.g., id.* at *3-4. While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, he must demonstrate that he cannot pay those costs while still providing himself with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In this case, Plaintiff's application indicates that he has about $45,000 in savings. Docket No. 1 at 2. The existence of these savings establishes that Plaintiff is more than capable of paying the $400 filing fee in this case. *Cf. Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Penn. 1982) (holding

that the magistrate judge correctly determined that the plaintiff did not qualify for *in forma pauperis* status when he had $450 in savings and the filing fee was $60).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and that he be required to pay the filing fee if he wishes to proceed with this case.

Dated: September 13, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).