|   |   |
|---|---|
| 1 |   |
| 2 |   |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| FREDERICK H. SHULL, JR., | Case No. 2:18-cv-01690-RFB-NJK |
|---|---|
| Plaintiff, | ORDER |
| v. |   |
| ROSEMAN UNIVERSITY, *et al.*, |   |
| Defendants. |   |

Several motions filed by Plaintiff Frederick H. Shull, Jr. ("Plaintiff") are pending before the Court. *See* ECF Nos. 7–10, 14–16, 19. The Court, however, will not consider the motions based on its lack of subject matter jurisdiction.

The Court has a *sua sponte* obligation to ensure that it has subject matter jurisdiction. <u>Kwai Fun Wong v. Beebe</u>, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted); <u>see also</u> <u>Gonzalez v. Thaler</u>, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

Plaintiff asserts subject matter jurisdiction exists under Nevada Revised Statute ("NRS") § 239.011 and 28 U.S.C. § 1367. However, before the Court can exercise supplemental jurisdiction under 28 U.S.C. § 1367 in regard to state law claims, the Court must first have original subject matter jurisdiction over the matter. 28 U.S.C. § 1367(a). Here, Plaintiff's claim is based only on a state law: NRS § 239.010. <u>See</u> ECF No. 12. Because Plaintiff's claims do not establish original subject matter jurisdiction by raising a federal question, <u>see</u> 28 U.S.C. § 1331, or by raising diversity jurisdiction, <u>see</u> 28 U.S.C. § 1332, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

1 | **IT IS ORDERED** that this matter is **DISMISSED** without prejudice for a lack of subject
2 | matter jurisdiction. The Clerk of the Court is instructed to close the matter accordingly.

DATED: October 16, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**